UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROSS, as successor-in-interest to Decedent Thomas Ross,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.: 3:21-cv-02130-JO-VET<br><br>**ORDER GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER TO EXTEND REMAINING DEADLINES FOR EXPERT DEPOSITIONS & PRETRIAL PROCEEDINGS**<br><br>**[Doc. No. 85]** |

      Before the Court is the Joint Motion to Amend the Scheduling Order to Extend Remaining Deadlines for Expert Depositions & Pretrial Proceedings ("Joint Motion"). Doc. No. 85. Therein, the parties request a 60-day extension of the expert discovery cutoff and subsequent pretrial deadlines. *Id.* at 2. They represent that good cause exists and warrants the extension for several reasons: depositions were timely noticed and originally scheduled to occur before the cutoff; Plaintiff's lead counsel recently suffered a serious injury limiting her ability to work; a defense expert lost relevant electronic files; and a new Plaintiff's attorney recently stepped in to handle this case and needs time to prepare. *Id.* at 2–3. For the reasons described below, the Court **GRANTS IN PART** the Joint Motion.

## I. LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.*; *Adrian v. OneWest Bank, FSB*, 686 F. App'x 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 F. App'x 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 F. App'x 659, 661 (9th Cir. 2021). "If [the moving] party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Civil Local Rule 16.1(b) also requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the parties to meet current deadlines and reasons why the parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

When a request for relief from case management deadlines is made after the relevant deadline expires, the party must demonstrate excusable neglect. *Branch Banking & Trust Co.*, 871 F.3d 764-65; *see also* Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

II. **ANALYSIS**

This case was filed on December 28, 2021, and a Scheduling Order was first issued on March 13, 2023. Doc. Nos. 1, 31. The Court granted multiple requests to modify discovery and pretrial deadlines based on multiple Plaintiff substitutions. *See* Doc. Nos. 53–57, 62, 68. Pursuant to the Third Amended Scheduling Order, dated April 11, 2024, the parties had eleven (11) weeks to conduct all remaining expert discovery. Doc. No. 70 at 4. The Court also granted a brief extension regarding the initial expert disclosure deadline. Doc. No. 81. After the October 4, 2024 expert discovery cutoff expired, the parties presently request another sixty days to finish expert discovery. *See* Doc. Nos. 70 at 4; 85.

Based on the parties' representations, the parties' respective police practices experts and Defendants' medical experts remain to be deposed. First, given that the parties jointly request an extension, an extension will not prejudice either side. However, denying an extension and the ability to depose the remaining experts will prejudice the parties. Second, the requested extension is significant given the already extensive delays in this case (filed nearly three years ago). Third, the reasons for delay appear unanticipated and largely outside the parties' control, although the timing of events is unclear. Counsel initially

noticed the depositions to occur before the expert discovery cutoff, but the Court has no information as to when Plaintiff's counsel suffered her injury, when Defendants' counsel knew about the injury, when Defendants' expert lost his files, or when Plaintiff's firm required new co-counsel. Finally, while the parties fail to explain why the Joint Motion was not filed prior to expiration of the expert discovery cutoff, the Joint Motion was filed on the Monday following the Friday expert discovery deadline and similar requests in this matter have otherwise been filed in a timely manner. Thus, the Court finds both parties make the instant request for an extension in good faith.

While the factors above generally favor granting some relief from the expert discovery deadline despite the parties' belated request, the Court is not persuaded that an additional sixty days of expert discovery is warranted. The parties represent that Defendants' experts may be deposed as early as October 24 and 25, 2024, with medical expert depositions being coordinated for early November. Doc. No. 85 at 2. Moreover, while the jury trial in this matter is set for February 3, 2025 and Defendants' trial counsel expects to be in trial in a separate case around the same time, the Court cannot accommodate a lengthy trial extension. The Court set the trial date in this case over five months ago during a status conference with the parties on May 8, 2024. Doc. No. 71. Defendants did not identify any scheduling conflict at that time or even shortly thereafter. Nor do they identify when trial in the separate matter was set beyond stating that the other matter was *filed* in 2020.

In short, absent additional facts, good cause does not exist supporting a 60-day extension or a lengthy continuance of the trial date, which was set over five months ago. Nevertheless, to avoid any prejudice, the Court finds good cause to grant a partial extension of the expert discovery deadline and a short continuance of the trial date. Therefore, the Court will modify the Scheduling Order to provide a limited extension of the expert discovery cutoff and remaining deadlines, as indicated below.

### III. MODIFIED SCHEDULING ORDER

Based on a review of the Joint Motion and the record, the Joint Motion is **GRANTED IN PART**. All expired dates and deadlines preceding the expert discovery cutoff remain unchanged. As to expert discovery cutoff and subsequent deadlines, the Court **ORDERS** the following:

1. All expert discovery shall be completed by all parties by **November 7, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2. All pre-trial motions must be filed by **November 21, 2024**. For briefing purposes, a hearing date (with no oral argument) is set on the calendar of the **Honorable Jinsook Ohta** for **December 26, 2024** at **9:00 a.m.** Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

3. If the trial will be a bench trial, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **January 16, 2025**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

4. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **January 16, 2025**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

5. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **January 23, 2025**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

6. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 30, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

7. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **February 3, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

8. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jinsook Ohta** on **February 6, 2025** at **8:30 a.m.**

9. The trial in this matter will commence on **February 10, 2025** at **9:00 a.m.** in **Courtroom 4C** before the **Honorable Jinsook Ohta**.

10. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

11. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: October 16, 2024

Honorable Valerie E. Torres
United States Magistrate Judge