Yana G. Henriks, Esq. (SBN 250638)
*yhenriks@law-mh.com*
Christopher D. Martin, Esq. (SBN 310026)
*cmartin@law-mh.com*
**MCMURRAY HENRIKS, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiff,*
*ROBERT ROSS*, as successor in interest to deceased Plaintiff THOMAS ROSS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No. 3:21-cv-02130-JO-VET<br><br>*[Assigned to the Hon. Jinsook Ohta; Referred to the Hon. Valerie E. Torres]*<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL**<br><br>Complaint filed:  December 28, 2021<br>Hearing Date:     July 24, 2025<br>Hearing Time:     9:30 a.m. |

1

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

## I.    INTRODUCTION

Defendant, County of San Diego's ("Defendant") argument that plaintiff, Robert Ross' ("Plaintiff") Motion for extension of time to file an appeal should be denied for being untimely completely ignores the fact that Plaintiff's original motion for extension was filed within the 30-day window permitted by Rule 4(a)(5)(A) and was stricken solely for procedural deficiencies, not substantive ones. **In fact, the Court explicitly granted Plaintiff leave to re-file the motion for extension in compliance with local rules and the Court's standing order, which Plaintiff promptly refiled**. Defendant's assertion that the re-filed motion is untimely is therefore meritless, as it disregards the Court's clear directive permitting re-filing, and attempts to recharacterize a procedurally authorized re-submission as untimely.

Moreover, Plaintiff has demonstrated excusable neglect under the four-part test established by the Ninth Circuit in *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 683 (9th Cir. 2009). The delay in filing the notice of appeal was caused by unforeseeable circumstances, including counsel's health issues and staffing changes, and Plaintiff acted diligently and in good faith to address the missed deadline. Furthermore, denying the motion would result in significant injustice by foreclosing appellate review of a dispositive ruling on summary judgment as where the granting of Plaintiff's request will not cause Defendant any prejudice.

For these reasons, Plaintiff respectfully requests that the Court grant the motion for a 14-day extension to file the notice of appeal.

///

///

///

///

///

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

2

## II. THE COURT MAY HEAR AND GRANT PLAINTIFF'S MOTION FOR EXTENSION OF TIME WHICH IS IN FURTHERANCE OF THE INTERESTS OF JUSTICE

"In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." *9th Cir. Fed. R. App. P. rule 4(a)(1)(A).* However, the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause. *Fed. R. App. P. Rule 4(a)(5)(A)(i) – (ii).*

### A. PLAINTIFF MOVED FOR AN EXTENSION OF TIME WITHIN THIRTY DAYS AFTER THE TIME PRESCRIBED BY RULE 4(a)

The clerk entered judgment for Defendants on March 27, 2025. [Dkt. 116] Per Rule 4, the deadline to file a notice of appeal was April 28, 2025. Per Rule 4, the district court may extend the time to file a notice of appeal if a party moves so no later than 30 days after the time prescribed by Rule 4(a) expires. Thirty days after April 28, 2025, the period prescribed here by Rule 4(a), was Wednesday, May 28, 2025. Plaintiff filed an extension of time to file an appeal on May 27, 2025, within thirty days of April 28, 2025. [Dkt. 121] The Court struck Plaintiff's motion on procedural grounds and without prejudice. After complying with the time requirements prescribed by the local rules and the Court's standing order, Plaintiff timely refiled his motion on June 5, 2025. [Dkt. 123]

### B. PLAINTIFF'S COUNSEL'S COUNDUCT CONSTITUTES EXCUSABLE NEGLECT

The district court may hear and grant a late filed motion for extension of time to file an appeal based upon a showing of "excusable neglect." (*Salazar v. San Francisco Bay Area Rapid Transit Dist.*, 538 F.2d 269, 270 (9th Cir. 1976).)

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

In determining whether conduct constitutes excusable neglect, courts examine at least four factors: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the moving party's control, and (4) whether the moving party's conduct was in good faith.

### 1. Defendant Would Not be Prejudiced

Defendants aver that they would prejudiced if relief is granted because they made case and staffing decisions in reasonable reliance based on Plaintiff's apparent decision not to appeal. However, Defendants' decision was not reasonable, as Plaintiff's decision not to appeal was not apparent, given that Plaintiff filed a motion for extension of time to file an appeal within thirty days of the time prescribed by Rule 4(a). That the Court struck Plaintiff's motion does not negate the fact that Defendants were on notice that Plaintiff intended to file an appeal. Any case or staffing decisions made prior to Plaintiff's initial motion were not reasonable because they were premature, given that Plaintiff was still within the time prescribed by Rule 4(a) to file a motion for extension of time past the initial thirty day deadline. Further, any case or staffing decisions made after Plaintiff filed his initial motion for extension of time are not reasonable because Defendants were aware that Plaintiff intended to file an appeal. As such, the prejudice suffered by Defendants, if any, would be the result of their own unreasonable actions. Defendants also allege that they would be prejudiced if required to defend duplicative claims in state and federal court because it would create uncertainty and delay finality of the federal court's judgment. However, any potential prejudice from defending duplicative claims can be ameliorated by requesting a stay of the state court proceedings while the federal court proceeding continues.

///

<div style="margin-left:2em; font-variant: small-caps;">
McMurray Henriks, LLP<br>
811 Wilshire Boulevard, Suite 1640<br>
Los Angeles, CA 90017
</div>

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

## 2. The Length of Delay and Impact on Judicial Proceedings Would be Minimal

Defendants argue that the length of delay and its impact on judicial proceedings weigh in favor of denying relief because the granting of relief would create uncertainty regarding the proper forum for resolution of Plaintiff's state claims and create unnecessary motion practice. Defendants offer no authority for the proposition that in analyzing the length of delay and impact on judicial proceedings courts must consider the uncertainty, if any, that would result. Rather, the length of delay would be minimal as Plaintiff re-filed his Motion only nine days after it was struck. Moreover, the delay in refiling Plaintiff's motion for extension of time to file an appeal is the result of an abundance of caution. Because the Court denied Plaintiff's initial motion without prejudice for filing without first obtaining a hearing date from chambers, as required by Civil Local Rule 7.1(b), Plaintiff satisfied the requirement of Civil Local Rule 7.1(b), as well the Court's meet and confer requirement which requires that the parties conference at least seven days prior to the filing of the motion. Declaration of Yana Henriks Esq. "Henriks Decl." at ¶ 2. Because the Court standing order requires at least seven days between conference and filing of the motion, it could not have been filed sooner. *Id.* at ¶ 3.

## 3. Defendants' Suggestion that Plaintiff's Counsel is Operating in a "Letting-Court-Orders-Pile-Up-On-Desks" Scenario Is Unfounded and Not Well Taken.

Defendants' opposition to Plaintiff's motion undercuts their own suggestion that the issue for Plaintiff's delayed filing was the result of a "letting-court-orders-pile-up-on-desks" scenario. To the contrary, as Defendants have made clear,

- from April 28, 2025, through May 29, 2025, Plaintiff's counsel has diligently been in contact with Defendants' counsel and notified them of Plaintiff's intent to file an appeal; [Dkt. 126 at pg. 3-4];

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

- it is undisputed that Plaintiff filed a motion for extension of time to file an appeal on March 27, 2025.

A motion which was denied without prejudice, and Plaintiff then timely refiled. Additionally, despite Defendants' attempt to characterize Plaintiff's counsel's boutique firm as allowing court orders to pile up, like the attorney in *Pincay v. Andrews,* 389 F.3d 853 (9th Cir. 2004) (en banc), Plaintiff's counsel utilizes a carefully designed calendaring system.  Henriks Decl. at ¶ 4. Specifically, Plaintiff's counsel utilizes Clio for calendaring, a professional, complex legal practice management software platform, to assist with case management and calendaring deadlines. CLIO includes automated deadline calculation features and date-based alerts intended to help prevent missed deadlines. *Id.* at ¶ 5; Plaintiff's Request for Judicial Notice No. 1.

Former paralegal, Jesamine Lan, was exclusively in charge of maintaining the calendar through CLIO.  *Id.* at ¶ 6.  Unfortunately, she abruptly left the firm for personal reasons, without notice. *Id*.  The paralegal did not calendar the deadline before her departure.  *Id.* at ¶ 7. It is no coincidence that the calendaring error coincided with the abrupt departure of Plaintiff's counsel's senior paralegal. As stated in Plaintiff's counsel's declaration, the paralegal's departure was compounded by the health issues of Plaintiff's counsel, Ms. Henriks. However, Defendant attempts to mischaracterize the significance of her injury. It is because of Ms. Henriks' injury that the calendaring error was not discovered until she returned to the office on May 27, 2025, which also resulted in a delay in initiating the meet and confer process. *Id.* at ¶ 8. Because it was not discovered until the last day on which a motion for extension could be filed pursuant to Fed. R. App. P. Rule 4(a)(5)(A)(i) – (ii), Plaintiff's counsel filed, despite the impossibility of meeting the local rule requirements regarding conferencing at least seven days before a motion is filed. Moreover, where requiring the parties to meet and confer would be futile, courts may address a motion's merits despite a party's failure to

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

comply with a meet and confer requirement. (*Yue v. Storage Tech. Corp.*, No. C07-05850 JW, 2008 WL 4185835 (N.D. Cal. Sept. 5, 2008) at pg. 7.) Here, any further meet and confer efforts on the part of the parties would have been futile. Defendants made clear that they would oppose Plaintiff's effort to file a notice of appeal.

### 4. Plaintiff Acted in Good Faith

As established, Plaintiff's counsel did not discover the calendaring error until the last day on which a motion for extension could be filed, and so any suggestion that such conduct is bad faith is without basis. Further, any alleged delay in refiling Plaintiff's motion was the result of compliance with the Court's local rules and standing orders.

### III.   CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court grant his motion for extension of time to file an appeal.

DATED:  July 7, 2025                    **MCMURRAY HENRIKS, LLP**

By:

Yana G. Henriks, Esq.
Christopher D. Martin, Esq.
*Attorneys for Plaintiff,*
ROBERT ROSS, as successor-in-interest to THOMAS ROSS

7

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**PROOF OF SERVICE**
*Ross v. County of San Diego, et al.*
*Case No. 3:21-cv-02130-JO-VET*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 811 Wilshire Blvd., Suite 1640, Los Angeles, California 90017.

On July 7, 2025, I served the foregoing document(s) described as:

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL**

by method indicated below, on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| ☐ | **BY PERSONAL DELIVERY:** I caused a copy of the document to be delivered personally to the individual(s) named in the attached service list. |
| ☐ | **BY OVERNIGHT DELIVERY:** I enclosed the above-listed document(s) in an envelope or package provided by an overnight delivery carrier and addressed it to the referenced in attached service list. I placed the envelope or package for collection and overnight delivery at an area regularly utilized by said delivery carrier. |
| ☐ | **BY FAX TRANSMISSION:** I transmitted the foregoing document(s) by facsimile transmission from (323) 931-9521 to the facsimile numbers indicated on the attached mailing list. The transmission was reported as complete and without error on the transmission report, which was properly issued by the transmitting facsimile machine and, pursuant to Rule 2.306(h)(4), a copy of which is attached to the original of this proof of service. |
| ☐ | **BY U.S. MAIL:** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our firm's ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service, with postage fully prepaid, on the same day in the ordinary course of business. |
| ☒ | **BY ELECTRONIC MAIL:** I transmitted the foregoing document(s) by electronic mail to the electronic mail addresses indicated on the attached mailing list. The transmission was reported as complete and without error. |
| ☒ | <u>(STATE):</u>   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |

Executed on July 7, 2025 at Los Angeles, California.

*/s/ Chris Martin*_____
Chris Martin

MᴄMᴜʀʀᴀʏ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Lᴏs Aɴɢᴇʟᴇs, CA 90017

1

PROOF OF SERVICE

**SERVICE LIST**:
*Ross v. County of San Diego, et al.*
*Case No. 3:21-cv-02130-JO-VET*

| | |
|---|---|
| Robert A. Ortiz, Esq. (SBN 246849)<br>Sylvia Soliman Aceves, Esq. (SBN 267381)<br>**OFFICE OF COUNTY COUNSEL**<br>1600 Pacific Hwy, Rm. 355<br>San Diego, CA 92101<br>Tel: (714) 937-1010 \| Fax: (714) 937-1003<br>robert.ortiz@sdcounty.ca.gov<br>lauren.loreto@sdcounty.ca.gov<br>alisse.chargualaf@sdcounty.ca.gov | *Attorneys for Defendants, COUNTY OF SAN DIEGO, et al.* |

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

2

PROOF OF SERVICE